IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| QUEST MARKETING, INC., an Oregon corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 05-05-AS |
| v. | ) ) | FINDINGS AND |
| KENT D. SCHNEIDER, | ) ) | RECOMMENDATION |
| Defendant. | ) ) ) | |

ASHMANSKAS, Magistrate Judge:

Plaintiff filed this action in January 2005 against defendant, a former employee, for breach of contract, violation of Oregon's trade secret laws, O.R.S. 646.461 *et seq.*, and breach of fiduciary duty. In response, defendant filed a Motion to Dismiss for Lack of Proper Venue, or alternatively, to Transfer for the Convenience of the Parties (Doc. #8). This motion is currently before the court.

FINDINGS AND RECOMMENDATION- 1

## BACKGROUND

Plaintiff is an Oregon corporation; defendant is an individual residing in Illinois. Defendant worked as a sales representative for plaintiff from April 1, 2002, to October 26, 2004, at which point defendant terminated his employment. Plaintiff's Complaint (Pl.'s Compl.), ¶¶ 1-2.

During the course of his employment, defendant was exposed to and learned proprietary information belonging to plaintiff, including customer lists, pricing information, and customer leads. *Id.* at ¶ 5. Pursuant to a confidentiality agreement, defendant agreed that upon termination of his employment, he would return any and all such information in his possession. *Id.* at ¶ 6. Plaintiff alleges that after defendant quit, he did not return any of plaintiff's confidential information, and has used such information for his own professional advancement and to the detriment of plaintiff. *Id.* at ¶ 7. In addition to money damages, plaintiff seeks preliminary and permanent injunctions.

In support of its contention that Oregon is the proper venue for this action, plaintiff asserts that the information allegedly misappropriated by defendant is generated or maintained in Oregon, and that this information is the cause of the injury that gives rise to plaintiff's claims. *Id. at* ¶ 4.

Defendant disputes that Oregon is the proper venue, arguing that because the oral contract of employment was accepted in Illinois, where defendant was hired as plaintiff's exclusive Illinois sales representative, Illinois is the appropriate venue. Furthermore, the oral contract was one for services to be performed in Illinois, not Oregon. Affidavit of Kent D. Schneider (Schneider Aff.), ¶¶ 5-7. During defendant's employment with plaintiff, all of his customers

FINDINGS AND RECOMMENDATION- 2

were located in Illinois or other Midwestern states. At no time during or after his employment did defendant sell any of plaintiff's products to an Oregon customer. *Id.* at ¶¶ 8-9. Aside from attending two sales meetings in Oregon, defendant's only contacts with Oregon during his tenure consisted of submitting sales orders to plaintiff in its Eugene, Oregon, office via phone or email. *Id.* at ¶¶ 9-10.

Even if Oregon is the proper venue, defendant nonetheless argues that this case should be transferred to the Northern District of Illinois for the convenience of the parties. According to defendant, at least twenty-one of his proposed witnesses are located in either Illinois or Wisconsin. Defendant also argues that plaintiff is better able to bear the cost of litigating this action in Illinois than defendant is in Oregon, because defendant is a self-employed individual and plaintiff is a national corporation that regularly conducts business in Illinois. *Id.* at ¶¶ 14-16. Defendant further asserts that he does not have any assets in Oregon, thus, any money judgment entered against him would likely be enforced in Illinois. *Id.* at ¶ 14.

## **ANALYSIS**

The only basis for federal subject matter jurisdiction in this case is diversity of citizenship. As such, the applicable venue statute is 28 U.S.C. § 1391(a), which provides that the venue is proper:

> in (1) a judicial district where any defendant resides . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

It is clear that this case could have been brought in Illinois under 28 U.S.C. § 1319(a)(1)

and (3), because at all times relevant, defendant was an Illinois resident and subject to personal jurisdiction there. Nonetheless, plaintiff argues that Oregon is the proper venue because a "substantial part of the events or omissions giving rise to the claim occurred" in Oregon. The court cannot agree.

The overarching purpose of Section 1391(a) is to further the convenience of the parties. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). In *Decker Coal*, the Ninth Circuit found that, in a breach of contract case, the most appropriate venue is the place where the contract was intended to be performed. *Id.* The court favored "this rule because the place of performance is determined at the inception of the contract and therefore parties can anticipate where they may be sued. Furthermore, the place of performance is likely to have a close nexus to the underlying events." *Id.* A similar analysis applies to tort claims: the place where the alleged injuries occurred is a relevant factor in establishing venue under the "substantial part" test. *Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 866 (2d Cir. 1992).

Plaintiff's claims are based upon defendant's allegedly wrongful conduct that occurred after he terminated his employment, to wit, defendant's misappropriation of plaintiff's proprietary information constituted a breach of contract and fiduciary duties, and a violation of Oregon's trade secrets laws. *See* Pl.'s Compl., ¶¶ 6-8. Defendant resides in Illinois and works there and other Midwestern states. He has never sought out customers in Oregon or engaged in sales activities in Oregon. The parties disagree where the confidentiality agreement was drafted, negotiated, and signed. Regardless, it was performed primarily in Illinois, not Oregon. It follows that any alleged tortious conduct occurred in Illinois, even if the aftermath was felt by plaintiff in Oregon. Under either the breach of contract or tort approach to the "substantial part" test, Illinois

FINDINGS AND RECOMMENDATION- 4

is the proper venue. Defendant's Motion to Dismiss for Lack of Proper Venue should be granted.

Because the court finds that Oregon is the improper venue for this action to proceed in, it is unnecessary and inappropriate to address defendant's alternative argument concerning a transfer for the convenience of the parties.

## CONCLUSION

Based on the foregoing, defendant's Motion to Dismiss (Doc. #8) should be granted.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **May 17, 2005**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this _3_ day of May, 2005.

Donald C. Ashmanskas
United States Magistrate Judge